UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
   :
SELDON CLEAN WATER PRODUCTS   :
(ASIA) L.P.,   :
   :
   Interpleader Plaintiff,   :   **MEMORANDUM**
   :   **DECISION AND ORDER**
   - against -   :
   :
RAKA TARAN, HEFANG WANG, MAHMOD   :   18-cv-4853(BMC)
YOUSF HUSSEIN AL MASHNI, HONGYU   :
WANG, RAVNEET KAUR,   :
   :
   Adverse Claimants/Defendants.   :
-------------------------------------------------------- X

**COGAN**, District Judge.

This is an interpleader action in which the stakeholder-plaintiff, Seldon Clean Water Products (Asia) L.P. ("SCWP"), seeks a first-stage order authorizing it to deposit the subject fund into court and discharging it from further liability. The interpleader complaint identifies and was served on five potential adverse claimants, three of whom have appeared. SCWP is entitled to a discharge and thus an appropriate order will enter.

### BACKGROUND

In 1990, Congress passed the EB-5 Immigrant Investor Visa Program. See 8 U.S.C. § 1153(b)(5). The program provided that foreign investors could obtain permanent residence status in the United States if they invested either $1 million or $500,000 (depending on whether the investment was in a "Targeted Employment Area") in a new business that planned to create at least 10 permanent, full-time jobs for United States workers.

SCWP was formed in 2009 to raise capital from foreign investors through the EB-5 Program. It sold limited partnership interests to foreign investors for that purpose. Its plan was

to raise up to $20 million in capital through a private placement and invest it in an affiliated, now-liquidated operating company called Seldon Technologies, Inc. ("Seldon Tech"). Seldon Tech, which also served as the general partner of SCWP, was supposed to be in the business of water filtration. The private placement memorandum contained the usual stark admonitions about the riskiness of the investment.

Only 10 investors participated. Thus, the capital raise generated about $5.5 million (including administrative fees), far short of the $20 million that SCWP had sought. Nevertheless, nine of the 10 investors received permanent green cards; one did not. Seldon Tech failed to attract more investment and was liquidated. As part of its liquidation, Seldon Tech contracted with a company called EcoGlobal Holdings, Inc., which held a floating lien on Seldon Tech's unencumbered assets (SCWP had first liens on the property that Seldon Tech had purchased with SCWP's EB-5 funds), to liquidate the assets at public auction. The successful bidder was a company called Carbon Block Technologies, which paid $2.4 million. After paying off lienholders and creditors, SWCP received $553,000 on its liens for distribution to the 10 foreign investors.

SCWP settled with five of the 10 foreign investors for $20,000 each. When the remaining five investors failed to accept the proposed settlement, SCWP commenced this action to allow distribution of the remaining $254,618.73 amongst them. SCWP seeks leave to deposit the funds into court and a discharge from liability.

As noted above, only three of the five non-settling investors have made claims to the fund: Ravneet Kaur; Hongyu Wang; and Hefang Wang. (Hongyu and Hefang Wang are proceeding together *pro se*.) Kaur is the lone investor who did not receive a permanent green card; in her answer to the interpleader complaint, she contends that pursuant to the limited

partnership agreement, the entire fund should go to her because of that.  The Wangs, in their

identical but separately filed answers, allege that Seldon Tech's loss of their money "may be due

to the internal corruption of Seldon [Tech's] higher level of employees and misconduct and

[misappropriation] of EB-5 investment money."  Their opposition to the SCWP's first-stage

interpleader motion amplifies on this slightly.  In identical affidavits, they assert that:  (1) a

former employee of Seldon Tech named Linda West was fired when she objected to the use of

the EB-5 money to pay the taxes of an unnamed officer of the firm; (2) Seldon Tech was "quirky

and incompetent," and tied to Robert Mugabe of Zimbabwe and economist George Gilder, a

member of its Board; (3) the funds should be distributed pro rata among the three claimants

because it was Kaur's peculiar immigration status that cost her a permanent green card; and (4)

SCWP should not receive attorneys' fees for this action.

As part of its interpleader motion, SCWP has asked that if any of the claimants' answers

are construed as counterclaims, they should be dismissed as insufficient under Federal Rule of

Civil Procedure 12(b)(6).

## DISCUSSION

An interpleader complaint generally involves a two-stage inquiry.  The first stage

requires the stakeholder to demonstrate that the requirements for interpleader have been met and

that it is entitled to a discharge.  The second stage determines the adverse claims between the

claimants.  New York Life Ins. Co. v. Connecticut Development Authority, 700 F.2d 91 (2d Cir.

1983).

At the first stage, the Court must determine whether the jurisdictional requirements for

interpleader have been met.  The interpleader statute, 28 U.S.C. § 1335, grants federal district

courts subject matter jurisdiction based on minimal diversity of citizenship – if the amount of the

stake is more than $500, and any two claimants are of diverse citizenship, then the Court has jurisdiction to grant interpleader relief. There is no dispute here that Kaur is a citizen of New York and the Wangs are citizens of New Jersey. Because the disputed fund in the amount of $254,618.73, the Court has jurisdiction to determine this interpleader action.[1]

Once subject matter jurisdiction is established, the first-stage inquiry asks only if "plaintiff may [be] expose[d] to double or multiple liability." Metropolitan Life Insurance Company v. Little, No. 13-cv-1059, 2013 WL 4495684, at *3 (E.D.N.Y. Aug. 17, 2013). That is plainly the case here. Kaur is claiming the entire fund, and the Wangs want to limit Kaur to her pro rata share. If this Court did not afford interpleader relief, SCWP could face two lawsuits and would run the risk of inconsistent relief.

In addition, at the first stage, some cases also ask whether an independent basis for the liability of the stakeholder exists, although most modern cases reject that. See generally Wright, Miller & Kane, 7 Federal Practice and Procedure § 1706 (West supp. 2018). The question is relevant here, however, because the Wangs' answers "assert claims against the Plaintiff and against defendant Ravneet Kaur."

I need not determine whether an independent basis for liability against SCWP would preclude interpleader relief because the Wangs have failed to state a cognizable counterclaim. First, it appears that any complaints they have are against Seldon Tech or individuals employed by Seldon Tech, which they allege committed some fraud, not SCWP. If they wanted to pursue such claims, they had to act to stop the public auction of Seldon Tech's assets (to avoid suing a

---

[1] SCWP asserts that there is also federal question jurisdiction because the parties' claims arise out of the federal EB-5 program. I disagree. 8 U.S.C. § 1153 only provides for the grant of immigrant visas. The mere reference to federal law in an action does not constitute a basis for federal question jurisdiction. Rather, federal law must create the cause of action, or the plaintiff's right to relief must depend on the resolution of a "substantial question of federal law." See Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002) (noting that "[s]imply raising a federal issue in a complaint will not automatically confer federal question jurisdiction").

company without assets) or pursue the defalcating officers, but the Wangs did not.  Second, even if the Wangs intended to counterclaim against SCWP, their counterclaim is woefully insufficient and must be dismissed under Federal Rules of Civil Procedure 9(b) and 12(b)(6).  Throwing around terms like fraud is not a sufficient basis to state a claim.  See Acito v. IMCERA Grp., Inc., 47 F.3d 47, 53 (2d Cir. 1995) ("[C]onclusory allegations of fraud do not satisfy the pleading requirements of Rule 9(b).").  Accordingly, to the extent the Wangs intended to assert counterclaims against SCWP, those claims are dismissed.

Once it is determined that a stakeholder has demonstrated grounds for interpleader relief, 28 U.S.C. § 2361 specifies the type of relief available:  "a district court may issue process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or the United States court affecting the property, instrument, or obligation involved in the interpleader action . . . ," and, in addition, a court may "discharge the plaintiff from further liability . . . ."

Other than the Wangs' now-dismissed counterclaim against SCWP, the dispute here is entirely between the Wangs and Kaur.  Kaur wants all of the fund; the Wangs want it split three ways.  There is no reason for SCWP to maintain a presence in this action.  SCWP is therefore granted permission to deposit the fund into court, and upon resolution of this action, SCWP will be deemed discharged from any potential liability to defendants (both those who have appeared and those who have not) in this action.

However, SCWP has not demonstrated that an injunction is warranted here.  There seems little reason for it.  The claimants are all known, identified, and served, and thus will be bound by the discharge order entered here, regardless of whether they have appeared or defaulted.  This is not a case where there are multiple or unknown future claimants who need to be equitably

channeled back to this Court should they seek relief. There is not even a hint of anyone interested besides the three claimants who have appeared here, and the Court's decree will effectively preclude any subsequent litigation involving SWCP over this fund. See Metropolitan Life Insurance Company v. Carey, No. 16-cv-3814, 2017 WL 4351512, at *3-4 (E.D.N.Y. Sept. 29, 2017) (citing Little, 2013 WL 4495684, at *3; Wilton Reassurance Life Co. of N.Y. v. Garbrecht, No. 13-cv-5536, 2015 WL 1011714, at *2-3 (S.D.N.Y. March 9, 2015)).

In addition, SCWP requests attorneys' fees and statutory costs. The Wangs object but offer no basis for their objection except their now-dismissed fraud claim. Attorneys' fees and costs are generally available in an interpleader action, whether one that is statutory under 28 U.S.C. § 1335 or a Rule 22 interpleader with other jurisdictional grounds. See Septembertide Pub., B.V. v. Stein and Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989). Thus, SCWP is granted permission to move for attorneys' fees and costs. Any opposition by Kaur or the Wangs is due two weeks after the filing of that motion, with SCWP's reply due one week after that.

The remaining question is how to address step two of this interpleader action, i.e., the resolution of the dispute between the Wangs and Kaur. The law permits the collapsing of the first and second stages of an interpleader action in appropriate circumstances. See New York Life Ins. Co. v. Connecticut Development Authority, 700 F.2d 91, 95 (2d Cir. 1983) ("[T]his bifurcation is not mandatory . . . and the entire action may be disposed of at one time."). That is arguably the correct procedure here, where both Kaur and the Wangs appear to have fully set forth their positions with respect to the fund. However, since neither had notice that the two interpleader stages might be combined, the Court will grant them 14 days from the entry of this order to make any additional submissions or suggestions as to the resolution of their dispute, if they wish, failing which the Court will resolve it based on the submissions to date.

## CONCLUSION

SCWP's motion for interpleader relief is granted. It shall deposit all of the funds in the registry of this Court. Upon such deposit and the Court's final disposition of this action, a decree will enter discharging it from any further liability concerning the circumstances giving rise to the fund. It may also move for attorneys' fees under the procedures set forth in Federal Rule of Civil Procedure 54(d). The Court will proceed to resolve the dispute between those claimants who have appeared as set forth above.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
        March 7, 2019